# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ALVIN DEWAYNE TRIGG, ) | |
|     ID # 1648439, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:17-CV-1900-B (BH) |
| ) | |
| LORIE DAVIS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice Correctional Institutions Division, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

## I. BACKGROUND

Alvin Dewayne Trigg (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of TDCJ-CID.

The petitioner was convicted of aggravated robbery in Cause No. F09–55202 in Criminal District Court No. 3 of Dallas County, Texas, on May 5, 2010, and he was sentenced to forty years' confinement. (*See* doc. 3 at 2[1].); *Trigg v. State*, 05-10-00576-CR, 2011 WL 2520279 (Tex. App. – Dallas June 27, 2011); *see also* www.tdcj.texas.gov (search for petitioner). He did not file a petition for discretionary review. He filed a state habeas application, and and public records show that it was unsigned and received by the state court on September 12, 2016. *See*

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

www.dallascounty.org (search for petitioner). It was dismissed for noncompliance with the appellate rules by the Texas Court of Criminal Appeals on October 12, 2016. *See Ex parte Trigg*, WR-85,794-01 (Tex. Crim. App. Oct. 12, 2016). He filed a second state habeas application that was signed on October 27, 2016, and received by the state court on November 4, 2016. It was denied on June 14, 2017. *See Ex parte Trigg*, WR-85,794-02 (Tex. Crim. App. June 14, 2017).

Petitioner's federal habeas petition, received on July 18, 2017, states that it was placed in the prison mail on July 13, 2017. (*See id.* at 10.) It claims that counsel was ineffective for (1) failing to investigate the crime scene; (2) failing to advise him of his constitutional right to confront a witness; (3) failure to locate and interview the perpetrator; (4) failure to challenge the lack of DNA and fingerprint evidence; (5) failure to challenge a detective's testimony identifying Petitioner as the perpetrator; (6) failure to call Petitioner's family members as witnesses; and (7) having a conflict of interest. (*See* docs. 3 at 6-7; 4 at 8-9.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.  Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims either became known or could have become known prior to the date his judgment became final. The one-year statute of limitations is therefore calculated from the date his conviction became final.

Petitioner did not file a petition for discretionary review with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on June 27, 2011; because the thirtieth day after that date was July 27, 2011, the one-year limitations period ended on July 27, 2012. Petitioner filed this § 2254 petition on July 13, 2017, the date that it was mailed.[2] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas applications were filed in 2016, which was after the limitations period expired in 2012, so they did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there

4

are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner separately filed a motion for authorization to proceed with a federal habeas petition that was opened as a new separate case and was later was dismissed for lack of jurisdiction. *Trigg v. Unnamed Respondent*, No. 3:17-CV-1908-N, dkt. 3, 8 (N.D. Tex. Aug. 3, 2017). In that motion, he argued that a habeas petition would not be barred by the statute of limitations because counsel did not file a petition for discretionary review, and because he did not receive notice of the denial of the second state habeas application until 21 days after it was denied. (*See id.*, dkt. 3.) Those arguments do not entitle him to equitable tolling. The fact that a petition for discretionary review was not filed did not prevent him from filing his state writ or federal petition earlier. Any delay in receiving notice of the denial of his second state habeas application would not entitle him to equitable tolling because the limitations period expired before his state application was filed.

Petitioner presents no other argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 16th day of August, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE